B. W. NASH, Trustee v. S. I. SUTTON, et al.

*Judgment— Verdict—Agreement.*

Where, on the trial of an action by a trustee to recover church property, the parties agreed that the answer as to the single issue submitted, as to whether the trustee was the owner and entitled to the possession, should settle the whole controversy and all the issues raised by the pleadings, and that the answer should be " Yes " if certain facts were true ; otherwise it should be "No," and the jury answered "No ; " *Held*, that the verdict, being in accordance with the stipulation, justified a judgment for the defendant.

CIVIL ACTION, tried at May Term, 1896, of LENOIR Superior Court, before *Starbuck, J.*, and a jury. The facts appear in the opinion of Associate Justice FURCHES.

*Messrs. Allen & Dortch*, for plaintiff (appellant).
*Mr. George Rountree*, for defendant.

FURCHES, J.: We find the following agreement entered into by the parties and made a part of the case on appeal : " The following issue, by permission of the court, the request of plaintiff and the express agreement between the parties, was the only issue submitted to the jury, with the distinct understanding on the part of the court and the parties that the response to said issue by the jury should settle the whole controversy and all the issues raised by the pleadings. It is further agreed that, if the jury should find the original conveyance (which had been burned) to the trustee was in trust for the Baptist Church at Hickory Grove and Baptist denomination, they should answer the issue ' Yes ;' but if they should find that it was in trust for the Baptist Church at Hickory Grove alone, then they should answer the issue ' No'." And the issue sub-

NASH *v.* SUTTON.

mitted to the jury under this agreement is as follows : " Is the plaintiff B. W. Nash, trustee, the owner of and entitled to recover possession of the property in controversy ? Answer, ' No'." Upon the coming in of the verdict the following judgment was rendered : " Upon the finding of the jury, and upon admissions made on the trial, it is adjudged that the plaintiff recover nothing from the defendant ; that the plaintiff is not the owner and is not entitled to recover the possession of the land described in the complaint ; that defendant go without day, and recover costs, &c., and that no witness fees are to be taxed against plaintiff."

And this judgment is excepted to by the plaintiff upon the ground that it is not justified by the verdict. This is the only exception in the case, and it is without merit and cannot be sustained. The verdict, when taken in connection with the agreement of the parties, fully sustains the judgment of the court, and the same must be affirmed.

Affirmed.